ANTONIO VIVALDI PACHECO, Appellant, *v.* REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 769. Submitted May 29, 1929.—Decided June 10, 1929.

*Oscar Souffront* for the appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In an action of debt brought in the District Court of Mayagüez by Antonio Vivaldi Pacheco against Sebastián Colón Soto an attachment to secure the effectiveness of the judgment was granted and it was ordered that a writ be issued to the marshal of the District Court of Aguadilla for the attachment of sufficient property of the defendant to secure the

sum of $3,948.06 as principal and $500 for interest and costs in accordance with the Act to secure the effectiveness of judgments of 1902.

The writ was issued and it results from the certified return made by the marshal of the district of Aguadilla that he executed the writ by attaching all of the interests which the defendant had in a described farm situated in the district of Lares which forms a part of the judicial district of Aguadilla.

Following the certificate of return appearing on the back of the writ the marshal endorsed the following:

"To THE REGISTRAR OF PROPERTY OF AGUADILLA, P. R.—Duplicate copies of the attachment levied are issued for its record in the registry of property of Aguadilla, Porto Rico, one of which should be returned to me to be attached to the record, and you are hereby directed to make an entry of the attachment levied.—Aguadilla, P. R., May 6, 1929, (Signed) Luis Cuevas Mas, marshal, by (Signed) Alfonso Galeffin, deputy marshal.—There is a seal reading 'District Court of Aguadilla, P. R., Marshal's Office.' "

There is then the note of presentation as follows:

"Presented at 3.05 p. m. Entry No. 117, folio 117, vol. 73. Aguadilla, P. R., May 6, 1929.—(Signed) Abella."

Four days later the registrar returned the documents to the marshal with a note which reads in part as follows:

"The cautionary notice ordered in the foregoing document is denied because it is not a judicial writ in the form determined by law and an entry is made instead for the statutory one hundred and twenty days on folio 79 of vol. 66 of Lares, property No. 3407, entry letter B."

The plaintiff in the action in which the attachment was granted took this administrative appeal.

The marshal of Aguadilla presented to the registrar authentic copies of the original writ received by him, of his return after levying the attachment and of the note of presentation for its annotation in the registry.

Section 9 of the special Act to secure the effectiveness of judgments of March 1, 1902, Comp. 1911, section 5241, reads:

"The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof, . . . ."

And section 5 of the Act relating to judgments and the manner of satisfying them of March 9, 1905, Comp. 1911, section 5299, which may be applied by analogy, reads as follows:

"In order to make a levy on immovable property it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to endorse such levy on the writ, and he shall send a copy of such writ, with the endorsement thereon, to the registrar of property of the district wherein the property is situated, to be noted in the register of property."

The writ issued to the marshal contains all of the external elements required for the validity of such documents. The power of the court to secure the effectiveness of the judgment by attachment is not attacked. The writ was addressed to the marshal of the district in which the attached property is situated, in compliance with section 245 of the Code of Civil Procedure and the jurisprudence established in *Benet v. Hernández*, 22 P.R.R. 323. It appears to be the contention of the registrar that he requires for entering the notice a writ expressly addressed to him.

In our opinion the registrar is mistaken. A new writ is not required. The writ issued to the marshal, who is the officer with authority to execute the order of the court, as he did in the present case, is sufficient. Once the attachment has been levied on certain property the writ and its return are taken to the registry of the district in which the property is situated, like any other recordable document, and the registrar should make the annotation in accordance with the statute transcribed. Although the cases are not similar, for a better illustration of the point under consideration it seems

timely to refer to our opinion in *Batle et al.* v. *Registrar,* 30 P.R.R. 693.

As to the note of presentation we will say that in reality it is not a model. Its wording might be improved, but that is not fundamental. What we hold is that a new writ is not required for the registrar to take action.

The decision appealed from must be reversed.